"The general rule is, '*Omnia præsumuntur contra spoliatorem.*' His conduct is attributed to his supposed knowledge that the truth would operate against him.'"

This exception cannot be sustained.

The eighth exception is from the refusal to grant a new trial, and is covered by the other exceptions.

The judgment is affirmed.

## 9308

### HAGIN *ET AL.* v. BARROW *ET AL.*

(88 S. E. 299.)

1. DEEDS—CONSIDERATION—SUFFICIENCY.—Maintenance in food, raiment, and suitable abode during the grantor's natural life, is good and sufficient consideration for a deed.
2. DEEDS—CAPACITY TO MAKE—SUFFICIENCY.—Although at the time of making the deed the grantor is of weak and feeble mind, that does not void his deed, but, if he had sufficient mind to comprehend his property and what he intended to do with it, that was sufficient; mental weakness in order to invalidate a deed necessarily being so great as would dethrone the reasoning power.
3. LIMITATION OF ACTIONS—ACCRUAL OF ACTION—FRAUD—DISCOVERY.— Where the plaintiffs knew at the time of execution and recordation of a deed that the deed had been made, and knew the facts constituting the fraud alleged in their petition for more than six years before commencing suit, their action to set aside the deed on the ground of such fraud was barred by the statute of limitations.

Before BOWMAN, J., Manning, March, 1915. Affirmed.

Action by Elle Hagin and others against Julius R. Barrow and another. Judgment for defendants, and plaintiffs appeal.

The decree of the trial Court was as follows:

This is an action to set aside a deed dated June 1, 1903, executed by J. T. Barrow to the defendant, Julius R. Barrow, and to partition the real estate consisting of 126 acres,

described in the complaint, and the personalty of which J. T. Barrow died possessed, and to have the defendant, Julius R. Barrow, who has been in possession of said real estate since the death of said J. T. Barrow, in September, 1904, account for the rents and profits received by him, and also for timber cut by him and sold to other parties. The grounds upon which the deed is sought to be set aside are: 1. Undue influence. 2. Inadequacy of consideration. 3. Insanity.

The case was referred to S. Oliver O'Bryan, Esq., referee, to take the testimony, and to report his conclusions of law and fact. The referee rendered his report, in which he found the following to be the facts in the case: (1) That at the time of the execution of the deed J. T. Barrow was insane and wholly incompetent to make a deed, to understand its nature, purport, or effect. (2) That at the time of the death of J. T. Barrow he was seized and possessed of personalty of the aggregate value of $206, etc. And he recommended that the said deed be set aside and canceled, and the lands and personalty be partitioned amongst the parties to the said suit, etc.

The case comes before me on the following exceptions: (1) That the referee erred in finding and deciding that J. T. Barrow was insane and wholly incompetent to make a deed and understand its nature, purport, and effect, and in not holding that the said J. T. Barrow had sufficient mind to understand the contract and deed which he made with the defendant, Julius R. Barrow; and that having received the benefits therefrom, and the same being a fair transaction, he and his heirs could not now dispute the same. (2) That the referee erred in holding that the statute of limitations is not a bar to the claim of the plaintiffs herein; and further erred in holding that the facts constituting the fraud were not discovered until within six years before the commencement of the action, when he should have held that the statute of limitations is applicable to this case and is an absolute

452    Hagin *v.* Barrow.

     Circuit Decree.    [103 S. C.

bar to any claim on the part of the plaintiffs, and all the evidence shows that they had knowledge of the deed from the time of its execution. (3) That the referee erred in charging the defendant with the sum of $300 for timber. (4) That the referee erred as a finding of fact in deciding and holding that the defendant had received $800 in rents and profits from the premises. (5) That the referee erred in setting aside the said deed and conveyance, and making this defendant account for the value of all the property of every kind received by him, and not allowing this defendant any credit for the board, care, medical attention, and other expenses incurred by him, the benefit of which was received by the said J. T. Barrow, the same being the consideration for the conveyance of this property to this defendant, and the said consideration having been paid and rendered to the said J. T. Barrow; it being respectfully submitted that there should be no cancellation of the deed and rescission of the contract made until equity is done by repayment to this defendant of the consideration paid by him. (6) That the plaintiffs are barred by laches and delay in prosecuting this action, and the action should be dismissed for that reason.

 As to exception No. 1, I have read the testimony carefully, and, after due consideration, I conclude that the preponderance of the testimony shows that at the time of the execution of the deed the said J. T. Barrow, though of weak and feeble mind, had sufficient mind to understand the contract and deed which he made with the defendant, Julius R. Barrow, and that the deed was made for a good and sufficient consideration. The consideration was "being maintained in food, raiment, and suitable abode during my natural life." The testimony as to his having sufficient mind is conflicting. Quite a number of his sisters and brothers, and some others, testify to the fact that he was lacking in sufficient mental capacity; but from the testimony of his family physician, his father, and a number of near neighbors, I conclude that he was a man of

weak mind, but that his condition varied with his physical strength, that he was not violent, and that his weakness has not been shown to be to the extent of depriving him of the power to comprehend what he had and what he would do with it. His wife had left him, and it was reasonable that he should desire to give his property to his favorite brother in order that he might have a comfortable home and be properly cared for as long as he lived.

Considering the question as to the mental capacity of the grantor, "the rule of law with reference to this matter may be stated to be that, while the mental incapacity which will render one unable to make a contract or a valid gift need not be so great as to entirely to dethrone the reasoning power, there must be at the time of the act or contract such insanity, or mental weakness or unsoundness, as amounts to an incapacity, or occasions an inability to understand or comprehend the subject of the contract, or act, and its nature and probable consequences, in order to render the act or contract void in law." *DuBose* v. *Kell*, 90 S. C. 207, 71 S. E. 371.

Exception one is sustained.

The second exception is also sustained. The deed in question was executed in June, 1903. It was immediately put upon record, and the testimony shows clearly that the plaintiff had also actual notice of said deed. And the facts constituting the alleged fraud were discovered more than six years before the commencement of this action. Having sustained the first and second exceptions, it is unnecessary to consider the others.

It is, therefore, ordered, adjudged, and decreed that the complaint be dismissed, with costs.

*Messrs. Davis & Wideman,* for appellant, cite: *As to want of capacity:* 90 S. C. 196; 22 Cyc. 1206; Pom. Eq. Juris., secs. 926, 928, 947, 955; 57 S. C. 425; 94 U. S. 506. *Limitations of actions:* Code Civ. Proc., sec. 137, subd. 6;

sec. 143. *Fraud:* Pom. Eq. Juris. 925, 946, 947, 943 and 951; 77 S. C. 535. *Suspicion of fraud not notice:* 13 S. C. 379.

*Mr. Charlton DuRant,* for respondent, cites: *As to mental capacity:* 90 S. C. 207; 6 Cyc. 287; 64 S. C. 272; 15 Am. Dec. 361; 22 Cyc. 1206; 4 Iredell 443; 36 Ill. 109; 44 N. H. 541; 84 Am. Dec. 97; 66 N. W. Rep. 1115; 40 Am. S. Rep. 468; 145 Ill. 111; 142 Ill. 368; 34 Am. St. Rep. 86; 86 Fed. 51; 13 Cyc. 573, 574; 16 A. & E. Enc. L. 624; 9 *Id.* 119, 123; 18 A. & E. Enc. L. (2d ed.) 624; *Ib.* 123; 45 N. H. 428; 52 S. E. (W. Va.) 782; 4 Iredell 443; 55 Me. 282; 38 W. Va. 168; 60 S. E. 141; 44 N. H. 521; 40 Am. Dec. 437; 71 S. C. 335; 4 McC. 194. *Measure of proof to set aside deed:* 39 S. W. 881; 41 Minn. 37; 42 N. W. 345; 112 Ala. 576; 20 So. 929; 6 Cyc. 336; 39 S. W. 881; 77 Iowa 186. *Laches:* 43 S. C. 436; 62 S. C. 89; 90 S. C. 103; 44 S. C. 378. *Statute of limitations:* 4 S. C. 257; 31 S. C. Eq. (10 Rich. Eq.) 353; 22 L. R. A. (N. S.) 207. *Notice:* 16 S. C. 555.

March 4, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts in this case are stated in the decree of his Honor, the Circuit Judge, which, for the reasons therein assigned, is affirmed.